UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,<br><br>                Petitioner,<br><br>    v.<br><br>CDCR,<br><br>               Respondent. | No. 2:18-cv-2309 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

      Petitioner is a state prisoner, proceeding without counsel. Although petitioner initially claims he is challenging the sentence imposed in Kern County Superior Court in Case No. BF134705A, he then states he challenges the fact that his counselor at the California Health Care Facility in Stockton will not give petitioner an Olson Review or the photocopies he needs. Under grounds for relief, petitioner claims he is suffering cruel and unusual punishment because he is only provided Tylenol for pain.

      First, the undersigned declines to construe petitioner's filing as a petition for writ of habeas corpus challenging his conviction in BF134705A. Petitioner previously sought habeas relief with respect to this conviction. Barger v. Rackley, No. 1:14-cv-0946 LJO MJS (HC). On November 26, 2014, the petition was dismissed as untimely. See Barger v. Rackley, No. 1:14-cv-0946 LJO MJS, 2014 WL 4976084 (E.D. Sept. 29, 2014). Petitioner has attempted at least one subsequent attack on the conviction which was dismissed as successive. Fisher v. Sacramento

1

County Superior Courts, No. 1:17-cv-0650 LJO MJS (E.D. Cal. June 22, 2017). Recently, in Barger v. California Attorney General, No. 1:18-cv-0951 EPG (E.D. Cal. Aug. 21, 2018), petitioner's request to refer his application for authorization to file a second or successive petition was granted.

Second, the claims petitioner raises in his habeas petition challenge the conditions of his confinement.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

Petitioner's claims concerning photocopies and medical treatment do not implicate the fact or duration of his confinement. Such claims are not cognizable grounds for federal habeas corpus relief and must be dismissed. Should petitioner wish to pursue his claims, he must do so by way of a civil rights complaint. The undersigned expresses no opinion as to the merits of such a civil rights complaint. As it does not appear possible that the deficiencies identified herein can be cured by amending the habeas petition, petitioner is not entitled to leave to amend prior to dismissal of this action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (*en banc*).[1]

---

[1] The undersigned declines to construe the petition as a civil rights complaint under 42 U.S.C. § 1983. In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 935-36 (9th Cir. 2016) (*en banc*). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 30, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/barg2309.156

---

warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Id. at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).  Here, petitioner has not named the correct defendants, and will also be required to pay the court filing fee in a civil rights action, even if granted in forma pauperis status, through deductions from his prison trust account.  See 28 U.S.C. § 1915(b)(1). For all these reasons, it is inappropriate to construe petitioner's filing as a civil rights complaint.

3