UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER,[1] | No. 2:18-cv-2309 KJM KJN P |
| Petitioner, | |
| v. | ORDER |
| CDCR, | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel. Since the August 30, 2018 findings and recommendations were referred to the district court for consideration, petitioner has filed multiple motions. The court addresses such filings below.

Petitioner asks the court to consolidate all of his district court cases into one case. (ECF Nos. 17, 21.) Petitioner's requests are inappropriate. As the court explained in its findings and recommendations, a petition for writ of habeas corpus challenges the fact or duration of an inmate's confinement, whereas a civil rights complaint challenges the conditions of such confinement. (ECF No. 16 at 2.) Because the instant allegations challenge the conditions of petitioner's confinement, it would be inappropriate to consolidate such allegations into the

////

---

[1] Petitioner is also known as Gary Francis Fisher and Sonny Barger, II. See Fisher (Barger) v. Sacramento County Superior Court, Case No. 1:17-cv-0650 LJO MJS (E.D. Cal.).

pending action addressing his petition for writ of habeas corpus, No. 1:18-cv-0951 EPG HC. Petitioner's requests are denied.

Petitioner requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the instant action challenges petitioner's conditions of confinement and not the fact or duration of his confinement, it is not appropriate to appoint counsel, and the court does not find that the interests of justice would be served by the appointment of counsel.

On October 19, 2018, petitioner filed a document styled, "Petition for a Writ of Habeas Corpus, Adjunct to my 42 U.S.C. § 1983, Under the Ku Klux Klan Act of 1871." (ECF No. 25.) This filing is duplicative of a petition filed in his habeas action pending in Fresno: Barger v. California Attorney General, No. 1:18-cv-0951 EPG HC (E.D. Cal) (ECF No. 18). Both such petitions challenge his Kings County conviction in 2012. On October 24, 2018, the assigned magistrate judge directed the Clerk of the Court to open a new case for such petition. Id. (ECF No. 20). Thus, the Clerk of the Court is directed to strike the petition filed in this action (ECF No. 25) as duplicative of his filing in the Fresno action. Petitioner's challenge to his 2012 Kings County conviction will proceed in the newly-opened Fresno action.

Finally, on October 19, 2018, petitioner filed additional requests which were not included in his original petition, but again concern conditions of confinement, not the fact or duration of his confinement. For example, petitioner alleges a campaign of harassment and retaliation, and seeks an order forcing the CDCR to allow him library access. None of these filings are sufficiently-pled to construe as a civil rights complaint, and are not properly-filed in this action under 28 U.S.C. § 2254. As noted in the pending findings and recommendations, petitioner must file a separate civil rights complaint that identifies the proper defendants as well as petitioner's allegations against each defendant.[2]

---

[2] A civil rights plaintiff may properly assert multiple claims against a single defendant. Fed. Rule Civ. P. 18. In addition, a plaintiff may join multiple defendants in one action where "any

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motions to consolidate (ECF Nos. 17, 21) are denied;

2. Petitioner's motion for appointment of counsel (ECF No. 19) is denied;

3. Petitioner's motions (ECF No. 22 & 23) are denied without prejudice to petitioner bringing such conditions of confinement claims in separate civil rights actions; and

4. The Clerk of the Court is directed to strike petitioner's second amended petition (ECF No. 25) as duplicative of his petition filed in Barger v. California Attorney General, No. 1:18-cv-0951 EPG HC (E.D. Cal) (ECF No. 18).

Dated: November 5, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/barg2309.110+

---

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be pursued in separate lawsuits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). This rule is intended "not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George, 507 F.3d at 607.